**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Norfolk Division**

FRANK REAVES, #186234,

          Petitioner,

v.                        CIVIL ACTION NO. 2:05cv602

GENE M. JOHNSON, Director of the
Virginia Department of Corrections,

          Respondent.

**UNITED STATES MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

    This matter was initiated by petition for a writ of habeas corpus under 28 U.S.C. § 2254. The matter was referred to the undersigned United States Magistrate Judge, pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and (C), Rule 72(b) of the Federal Rules of Civil Procedure, and Rule 72 of the Local Civil Rules of the United States District Court for the Eastern District of Virginia.

## I. STATEMENT OF THE CASE

### A. Background

    On April 8, 2004, Petitioner Frank Reaves ("Reaves") was convicted in the Circuit Court for Henrico County for possession of a firearm by a convicted felon,[1] for which he received a five (5)

---

    [1]The record reflects that Reaves had been indicted on four (4) criminal charges in that case: possession of a firearm by a convicted felon (the instant charge, which carries a mandatory-minimum sentence of five (5) years), possession of cocaine, possession of a firearm while in possession of cocaine, and failure to appear. The first three (3) of these offenses were allegedly committed on July 4, 2003, while the failure to appear offense

year sentence,[2] as reflected in the Court's Sentencing Order entered on April 8, 2004.

On August 12, 2004, Reaves noted his appeal to the Court of Appeals of Virginia,[3] which denied the appeal on the merits by written order issued on October 22, 2004 (per curiam decision), and upon decision by a three-judge panel on February 7, 2005.[4]  Record No. 0957-04-2.  On March 8, 2005, Reaves noted his appeal of this

_____

occurred on August 6, 2003.  At trial, Reaves was also convicted of the possession of cocaine charge, for which he received a twelve (12) month suspended sentence, and of the failure to appear charge, for which he received a six (6) month suspended sentence.  The possession of a firearm while in possession of cocaine charge was dismissed.

[2]Reaves was represented at trial and at the sentencing by his court-appointed counsel, Ryan T. McDougle, Esq. ("McDougle"), who also represented Reaves during his direct appeals in the state court.

[3]This appeal challenged the sufficiency of the Commonwealth's evidence at trial, and alleged that the trial court erred in convicting Reaves of possession of a firearm by a convicted felon alleged for essentially the following reasons:
A. The Commonwealth's evidence failed to exclude a reasonable hypothesis consistent with his innocence.
B. The Commonwealth's evidence failed to establish that Reaves was in possession of the firearm.
C. The Commonwealth's evidence failed to establish his guilt beyond a reasonable doubt considering that Reaves was acquitted of being in possession of a firearm while in possession of cocaine and that Reaves did not dispute he was in possession of cocaine.

[4]The court adopted and incorporated by reference the per curiam decision of October 22, 2004, which had held that the Commonwealth's evidence presented at trial "was sufficient to prove beyond a reasonable doubt that [Reaves] constructively possessed the gun."  Record No. 0957-04-2 (citing Logan v. Commonwealth, 19 Va. App. 437, 444 (1994) (en banc); Burchette v. Commonwealth, 15 Va. App. 432, 435 (1992)).

decision to the Supreme Court of Virginia.[5]  On June 21, 2005, the Supreme Court of Virginia summarily refused the petition for appeal.  Record No. 050500.

On July 27, 2005,[6] Reaves executed a <u>pro se</u> petition for a writ of habeas corpus in the Supreme Court of Virginia,[7] alleging essentially the same grounds for relief as set forth in his appeal to the Court of Appeals of Virginia.[8]  On September 29, 2005, the

_____

[5]The Court notes that Reaves also filed a <u>pro se</u> notice of appeal to the Supreme Court of Virginia on that same date, apparently without consulting with McDougle who appears to still have been representing Reaves at that point.

[6]The Court notes that on June 29, 2005, Reaves also executed a federal petition for a writ of habeas corpus, which was received and filed by this Court on August 12, 2005 (Civil Action No. 2:05cv407) and which challenged the computation of his mandatory parole release date stemming from his convictions in 1991 and in 1993 in the Circuit Court and the General District Court for the City of Richmond on numerous charges, including possession of cocaine, possession of a firearm in conjunction with cocaine, malicious wounding, and driving with a suspended/revoked license, for which he was sentenced to serve a total of twenty (20) years, twelve (12) months and two (2) days.  That petition was dismissed by this Court by final order dated July 3, 2006.

[7]That petition was executed by Reaves on July 27, 2005, though it was not ultimately received and filed by the Supreme Court of Virginia until August 4, 2005.  Reaves also executed his Argument in Support of Petition on September 26, 2005, which was received and filed by the Supreme Court of Virginia on September 27, 2005.

[8]Though the grounds raised were in listed different order than those presented in the appeal, they were essentially identical in content:
A. The Commonwealth's evidence failed to establish his guilt beyond a reasonable doubt considering that Reaves was acquitted of being in possession of a firearm while in possession of cocaine and that Reaves did not dispute he was in possession of cocaine.
B. The Commonwealth's evidence failed to exclude a reasonable hypothesis consistent with his innocence.
C. The Commonwealth's evidence failed to establish that Reaves

Supreme Court of Virginia, applying the rule in <u>Slayton v.</u>
<u>Parrigan</u>, 215 Va. 27 (1974), dismissed the petition.   Record No.
051648.

On October 3, 2005, while in the custody of the Virginia
Department of Corrections at the Mecklenburg Correctional Center,[9]
Reaves executed the instant federal petition for a writ of habeas
corpus pursuant to 28 U.S.C. § 2254.[10]   The Court conditionally
filed this petition on October 13, 2005, and the petition was
ultimately filed by the Court's Order dated December 1, 2005.[11]   On

---

was in possession of the firearm.

[9]The Court notes that by letter dated October 26, 2005, Reaves
advised the Court of his transfer from the Mecklenburg Correctional
Center, Boydton, Virginia, to the Carolina Correctional Unit,
Hanover, Virginia, where he is currently confined.

[10]The petition was executed on October 3, 2005, was received
by the United States District Court for the Eastern District of
Virginia, Richmond, on October 5, 2005, and was conditionally filed
with this Court on October 13, 2005.   Insofar as the petition was
not accompanied by either the $5.00 filing fee or a request to
proceed <u>in forma pauperis</u>, the Court assumed that Reaves wished to
proceed <u>in forma pauperis</u>, which was granted by the Court's Order
dated December 1, 2005, based upon the information contained in the
prisoner account report received by the Court on November 10, 2005.
     The Court notes that the United States Supreme Court
promulgated certain amendments to the Rules Governing Section 2254
Cases in the United States District Courts, which became effective
on December 1, 2004.   As amended, Rule 3(d) adopts the prison
mailbox rule with regard to § 2254 petitions.   Accordingly, the
Court recognizes the prison mailbox rule for federal habeas
petitions.   In this case, as there is no evidence in the record to
the contrary, the Court will assume that Reaves delivered his
federal habeas petition for mailing on the date he signed it,
October 3, 2005.   Further, the Court considers Reaves' petition as
filed, for statute of limitations purposes, on that date.

[11]That Order also granted Reaves' Request to Amend Petition,
which was received and filed in this Court on November 3, 2005, and

February 2, 2006,[12] Respondent filed his Motion to Dismiss and Rule

5 Answer accompanied by a supporting memorandum and a Notice of

Motion Pursuant to Local Rule 7(J).[13]  On February 14, 2006, Reaves

filed his memorandum In Opposition [sic] of Respondent [sic]

Response.[14]

---

which included two (2) additional claims for relief, namely, (1)
violation of petitioner [sic] Miranda rights; and (2) insufficient
evidence to prove possession of a firearm (already included as the
second ground for relief in the federal habeas petition), as well
as two (2) memoranda entitled, A Violation of Petitioner's Miranda
Rights and Insufficient Evidence to Prove Possession of a Firearm,
both received on November 3, 2005.  That filing also included
Reaves' Motion to Have All Relevent [sic] Documents Sent to the
United [sic] District Court, Norfolk Division, From the State
Courts [sic] Along With [sic] Transcript of Prior Proceeding.
Insofar as the Court received the pertinent state court records
from the Supreme Court of Virginia on December 29, 2005, the Court
DENIES that motion as moot.

[12]This pleading was filed subject to defect by the Court
because while it was mailed on January 31, 2006, it was not
received and filed by the Court until February 2, 2006, which was
one (1) day after the deadline set by the Court in its Order dated
January 3, 2006 that granted, over Reaves' objection, Respondent's
Motion for Enlargement of Time.  Insofar as the Court has
considered that pleading, as well as Reaves' response thereto, the
Court now ORDERS that Respondent's Motion to Dismiss and Rule 5
Answer be filed.

[13]The Court notes that Respondent's Notice of Motion
erroneously referred to the Local Rule 7(J), instead of Local Civil
Rule 7(K), but the Notice complied with the requirements of
Roseboro v. Garrison, 582 F.2d 309 (4th Cir. 1975).  This included
advising Reaves that he had twenty (20) days in which to file a
response to the Motion to Dismiss.

[14]On February 14, 2006, Reaves also filed what was docketed as
a Motion to Stay (Document No. 18, "Motion to Stay") requesting
that the Court "stay and abeyance [sic] his claims and order the
state court of Virginia to resolve this constitution [sic] issue or
proceed under Federal Rule [sic], the no corrective process
exception [to 28 U.S.C. § 2254(b)(1)(B)(I)]" (emphasis added).  In
this motion, Reaves appears to concede that the instant federal

## B. Grounds Alleged

Reaves now asserts in this Court that he is entitled to relief

under 28 U.S.C. § 2254 for the reasons substantially as follow:

> (a)  The Commonwealth's evidence failed to exclude a
>      reasonable hypothesis consistent with his
>      innocence.
>
> (b)  The Commonwealth's evidence failed to establish
>      that Reaves was in possession of the firearm.
>
> (c)  The Commonwealth's evidence failed to establish his
>      guilt beyond a reasonable doubt considering that
>      Reaves was acquitted of being in possession of a
>      firearm while in possession of cocaine and that
>      Reaves did not dispute he was in possession of
>      cocaine.
>
> (d)  The arresting officer failed to timely inform
>      Reaves of his constitutional rights according to
>      <u>Miranda v. Arizona</u>, 384 U.S. 436 (1966).

In each of his direct state court appeals, and in his state habeas

petition, Reaves asserted essentially the same claims for relief,

except for the <u>Miranda</u> claim (fourth ground above), which Reaves

concedes was never presented to the state court at any level.  The

Court of Appeals of Virginia denied each of the first three (3)

claims on the merits during direct appeal, which was summarily

---

habeas petition contains at least one (1) unexhausted claim
(<u>Miranda</u> violation, claim (d), <u>infra</u>) that was never raised in his
state habeas petition to the Supreme Court of Virginia.
Nevertheless, because that claim raises a constitutional issue,
Reaves asserts, this Court should review the entire petition on the
merits.  Insofar as this Court has considered each of Reaves'
claims, deciding that claim (d) is procedurally defaulted and that
the remaining claims (a)-(c) should be rejected on the merits, <u>see</u>
<u>infra</u>, this motion is denied herein.
    The Court also notes that to the extent Reaves' seeks an
evidentiary hearing in this Court, that request is denied, <u>infra</u>.

affirmed by the Supreme Court of Virginia.  Also, the Supreme Court of Virginia relied on <u>Slayton</u>, <u>supra</u>, in denying these same claims on state habeas review.

## II. <u>PETITIONER'S MOTION FOR AN EVIDENTIARY HEARING AND MOTION TO STAY</u>

As a preliminary matter, the Court considers Reaves' request for an evidentiary hearing and his motion for a stay.  <u>See</u> Motion to Stay, at 3.  The Court has determined that an evidentiary hearing is not required, as purely legal issues are presented and the record before the Court adequately resolves the legal issues raised.  <u>See</u> Rule 8 of the Rules Governing Section 2254 Cases. Accordingly, the Court DENIES Reaves' motion for an evidentiary hearing.  Also, because the Court has considered each of Reaves' claims raised herein, <u>see</u> <u>infra</u> n.14, the Court DENIES Reaves' motion for a stay.

## III. <u>FINDINGS OF FACT AND CONCLUSIONS OF LAW</u>

The Court FINDS that claim (d) is procedurally defaulted before this Court.  The Court further FINDS that the remaining claims (a), (b) and (c) should be addressed on the merits.[15]

---

[15]The Court notes that Respondent has not addressed whether Reaves' petition was timely filed.  It appears that Reaves' conviction became final on September 19, 2005, which was ninety (90) days after the denial of his direct appeal on June 21, 2005, by the Supreme Court of Virginia, and the date upon which the period for seeking direct review of his conviction by the United States Supreme Court expired.  <u>See</u> U.S. Sup. Ct. R. 13(1); <u>Harris v. Hutchinson</u>, 209 F.3d 325, 328 n.1 (4th Cir. 2000).  Accordingly, Reaves had a one (1) year statute of limitations from that date, or until September 19, 2006, in which to file his habeas petition with

### A.  **Procedural Default**

In order for this Court to address the merits of this habeas petition, all of Reaves' claims must be exhausted. See 28 U.S.C. § 2264(a); 28 U.S.C. § 2254(b).  The exhaustion requirement is satisfied when "allegations advanced in federal court . . . [are] the same as those advanced at least once to the highest state court."  Pruett v. Thompson, 771 F. Supp. 1428, 1436 (E.D. Va. 1991), aff'd 996 F.2d 1560 (4th Cir. 1993).  Exhaustion may be accomplished either on direct appeal or in post-conviction proceedings.  See O'Sullivan v. Boerckel, 526 U.S. 838, 844 (1999) (citing Brown v. Allen, 344 U.S. 443, 447 (1953)); see also Skipper v. French, 130 F.3d 603, 610 n.4 (4th Cir. 1997).  In order for a claim to be considered exhausted, it must be "'fairly presented' to the state courts," which means "that both the operative facts and the 'controlling legal principles'" must be presented to the state court."  Matthews v. Evatt, 105 F.3d 907, 910-11 (4th Cir. 1997) (quoting Pickard v. Connor, 404 U.S. 270, 275-78 (1971); Verdin v.

---

this Court.  28 U.S.C. § 2244(d)(1).  However, because the limitations period may be tolled for "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending . . . ," 28 U.S.C. § 2244(d)(2), Reaves was entitled to tolling for sixty-four (64) days while his state habeas petition was pending in the Supreme Court of Virginia (between July 27, 2005, the date it was filed, and September 29, 2005, the date it was dismissed).  Accordingly, Reaves had until November 22, 2005 to file his federal habeas petition.  Because the instant petition was considered as filed on October 3, 2005, for statute of limitations purposes, it was timely filed in this Court.

O'Leary, 972 F.2d 1467, 1474 (7th Cir. 1992)).  "[T]he exhaustion requirement for claims not fairly presented to the state's highest court is technically met when . . . a state procedural rule would bar consideration if the claim was later presented to the state court," Matthews, 105 F.3d at 911; such claims are treated as procedurally defaulted and barred from this Court's review. Clagett v. Angelone, 209 F.3d 370, 378-79 (4th Cir. 2000).

Respondent has asserted that claims (a), (b) and (c) of Reaves' petition are exhausted, each having been properly raised on direct appeal or in the state habeas petition to the Supreme Court of Virginia.  Brief in Support of Motion to Dismiss and Rule 5 Answer, at 2 ("Respondent's Brief").  The Court concurs and addresses the merits of these claims infra.  Respondent further asserts that claim (d) is both exhausted and procedurally defaulted, because it was not raised on direct appeal or in a state habeas petition and because Reaves would now be barred from raising the issue in a state court, under Va. Code Ann. § 8.01-654(B)(2).

### 1.  Claim (d) is Procedurally Defaulted

Reaves has alleged, as claim (d), that the arresting officer failed to advise him of his rights until Reaves was taken to "warrant services," which makes all statements Reaves made at the scene of the arrest in violation of Miranda, supra, and further that the arresting officer made "conflicting testimonies [sic]" at trial.  Respondent asserts, and Reaves does not contest, that this

claim was not raised on direct appeal, Respondent's Brief, at 3, nor was it presented to the Supreme Court of Virginia through the state habeas process.  The Court finds that Reaves' claim (d) in the instant petition is procedurally defaulted in this Court because he failed to fairly present it to the Supreme Court of Virginia.  Were he now to raise claim (d) in the Supreme Court of Virginia, this claim would be procedurally defaulted under Virginia law, Va. Code Ann. § 8.01-654(B)(2).  See Clagett, 209 F.3d 370 at 378-79.  Thus, Reaves' claim (d) in the instant petition is technically exhausted, but is procedurally defaulted before this Court as well.  See id; Matthews, 105 F.3d at 911.

## B. Limited Exceptions to Procedural Default

Although claim (d) is procedurally defaulted, Reaves may still obtain review of his claim if he can establish either: (1) cause for the default and demonstrate actual prejudice as a result of the alleged violation of federal law, or (2) that failure to consider the claim will result in a fundamental miscarriage of justice because he is actually innocent of the crime for which he was convicted.  Clagett, 209 F.3d at 379 (citing Coleman v. Thompson, 501 U.S. 722, 750 (1991)); Weeks v. Angelone, 176 F.3d 249, 269 (4th Cir. 1999).

Cause refers to "some objective factor external to the defense" that impeded compliance with the state's procedural rule. Strickler v. Greene, 527 U.S. 263, 283 n.24 (1999) (quoting Murray

v. Carrier, 477 U.S. 478, 488 (1986)).

> Objective factors that may constitute "cause" include: (1) "interference by officials that makes compliance with the State's procedural rule impracticable"; (2) "a showing that the factual or legal basis for a claim was not reasonably available to counsel"; (3) novelty of the claim; and (4) constitutionally ineffective assistance of counsel.

Wright v. Angelone, 151 F.3d 151, 160 n.5 (4th Cir. 1998) (quoting McCleskey v. Zant, 499 U.S. 467, 493-94 (1991)).  An absence of due diligence by the petitioner will defeat an assertion of cause.  See Hoke v. Netherland, 92 F.3d 1350, 1354 n.1 (4th Cir. 1996).

Reaves has attempted to explain why this claim was not presented on appeal.  Federal Petition, at 2.  Specifically, he acknowledges that the issue was never raised in the state courts – on direct appeal or in a collateral proceeding – but asserts that this was "due to the ineffectiveness of counsel."  Reaves further asserts that he was unaware of the existence of this issue "until receiving a copy of the transcript of his trial . . . from trial counsel after filing this petition." Id. at 1.

In this case, none of the above-referenced factors support a finding of cause.  First, Reaves has failed to make any showing that action by the government prevented him from raising the issue on appeal or in his state habeas petition.  See Smith v. United States, 2005 WL 2657386 at *2 (E.D. Va.)  Second, Reaves has not made a credible showing that he was unaware of the circumstances underlying this claim.  See id.  The Court is unpersuaded by

Reaves' assertion that he was unaware of this issue until he received a trial transcript, given that Reaves was fully aware of whether and at what point he had been given his Miranda rights and considering that Reaves was present at the trial when the issue could have been raised. Third, Reaves does not make any assertion of a new rule of law that would justify cause in this instance.

Finally, Reaves cannot establish cause by asserting ineffective assistance of counsel for claim (d) because Reaves never exhausted the ineffective assistance of counsel claim in a state court proceeding. See Edwards v. Carpenter, 529 U.S. 446, 453 (2000); see also Williams v. French, 146 F.3d 203, 210 n.9 (4th Cir. 1998) (ineffective assistance of counsel claim "must be presented to the state courts as an independent claim before it may be used to establish cause for a procedural default") (citing Murray v. Carrier, 477 U.S. 478, 489 (1986)).

In sum, Reaves simply failed to timely raise claim (d) to the Supreme Court of Virginia. Consequently, Reaves has not established cause for his failure to comply with the applicable state procedural rules.[16]

---

[16]Indeed, even were the Court to construe Reaves to argue that he should be excused for his unfamiliarity with the legal system and his pro se status, such factors do not constitute cause because these are not "objective factor[s] external to the defense" under Murray, 477 U.S. at 488. See, e.g., Dellinger v. Bowen, 301 F.3d 758, 766 (7th Cir. 2002) ("youth and lack of education do not constitute the type of external impediment sufficient to excuse a procedural default"), cert. denied, 537 U.S. 1214 (2003); Washington v. James, 996 F.2d 1442, 1447 (2d Cir. 1993) (ignorance

Additionally, Reaves does not provide any grounds for a determination of prejudice to excuse his failure to raise the issue in any of his state-court filings.  To establish prejudice, it is the petitioner's burden to demonstrate "not merely that the errors at his trial created a possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." <u>Williams</u>, 146 F.3d at 210 (quoting <u>United States v. Frady</u>, 456 U.S. 152, 170 (1982)) (other citations omitted).  Reaves makes the conclusory allegation that the arresting officer made certain "conflicting testimonies [sic]" regarding where and when Reaves was given his <u>Miranda</u> rights, which the Court construes as an argument that he made certain statements to the arresting officer before being given his <u>Miranda</u> rights.  Nevertheless, he has failed to show or even allege that the outcome of his case would have been different had any of his statements been deemed inadmissible.[17]  Consequently,

---

or inadvertence do not constitute cause to excuse a procedural default); <u>United States v. Sosa</u>, 364 F.3d 507, 512 (4th Cir. 2004) (<u>pro se</u> petitioner's ignorance and misconceptions about the operation of the statute of limitations do not justify equitable tolling because they are not extraordinary circumstances beyond his control).

[17]The Court notes that Reaves appears to have mischaracterized the "conflicting testimony" by the arresting officer.  First, the officer was asked on direct examination if he had given Reaves his <u>Miranda</u> rights, and the officer replied that he had done so.  Transcript dated August 8, 2004 ("Tr.") at 13:25 - 14:2.  At that point in the questioning, there was no temporal reference to indicate when the <u>Miranda</u> rights had been given.  Second, the officer was asked on direct examination if Reaves had agreed to

Reaves has not established the requisite prejudice for his failure to comply with the applicable state procedural rules.

The Court does not consider the "miscarriage of justice" exception.   It is the petitioner's burden to establish the exception and Reaves has not provided evidence that but for the asserted constitutional errors, no reasonable juror would have found him guilty.  See Hazel v. United States, 303 F. Supp. 2d 753, 761 (E.D. Va. 2004) (citing the standard established in Jackson v. Virginia, 443 U.S. 307, 401-02, 429 (1979) (White, J., concurring)).

Accordingly, the Court FINDS that the claim (d) raised in the instant petition is procedurally barred before this Court, and recommends that this claim should be DENIED.

## C.   Claims Rejected on the Merits in State Habeas Proceedings

The Court now considers claims (a), (b) and (c) on the merits.

---

"make some statements [after being given his Miranda rights]," to which the officer replied in the affirmative.   Tr. at 14:2-3. Third, on cross-examination the arresting officer testified that he had not given Reaves his Miranda rights until after Reaves was taken to "Warrant Services," Tr. at 18:4-9, and that Reaves was not questioned about the presence of the gun until he reached Warrant Services, Tr. at 18:14-17.   Fourth, on cross-examination the arresting officer testified that Reaves' "first statement [regarding the gun]" was obtained after Reaves had been presented a "written [Miranda] rights waiver." 18:25 - 19:7. Significantly, Reaves does not appear to contest that he executed a written rights waiver and that he agreed to make certain statements to the arresting officer after having been advised of his rights.

Based on the foregoing, the Court finds nothing in the record to suggest that any statement Reaves made regarding the gun was obtained prior to his having been given his Miranda rights and his having executed a written waiver of those rights.

A federal court may not grant relief on a habeas claim previously adjudicated on the merits in state court unless that adjudication:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State Court proceeding.

28 U.S.C. § 2254(d). In drafting this statute, Congress "plainly sought to ensure a level of 'deference to the determinations of state courts,' provided those determinations did not conflict with federal law or apply federal law in an unreasonable way." Williams v. Taylor, 529 U.S. 362, 386 (2000). See also Bell v. Jarvis, 236 F.3d 149, 157 (4th Cir. 2000) (recognizing that, for claims adjudicated on the merits by the state court, the federal court "is limited by the deferential standard of review set forth in § 2254(d), as interpreted by the Supreme Court in Williams[].") Consequently, "state-court judgments must be upheld unless, after the closest examination of the state-court judgment, a federal court is firmly convinced that a federal constitutional right has been violated." Williams, 529 U.S. at 387. Moreover, "[a] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be [objectively]

unreasonable." Id. at 411.

## 1. Claim (a)

In claim (a) Reaves asserts that the Commonwealth's evidence failed to exclude a reasonable hypothesis consistent with his innocence. Reaves presented this claim on his direct appeal to the Supreme Court of Virginia, which summarily refused that petition.[18] When the Supreme Court of Virginia summarily refuses a petition for appeal, this Court looks to the previous state court decision as the last reasoned state judgment on that claim. Ylst v. Nunnemaker, 501 U.S. 797, 803 (1991).

In this case, therefore, the Court looks to the decision of the Court of Appeals of Virginia as the last reasoned state judgment on this claim. In that decision, the court examined the entire record and determined that the "evidence was sufficient to prove beyond a reasonable doubt that [Reaves] constructively possessed the gun," which the court found to be the "sole issue" that needed to be decided. Record No. 0957-04-2, at 2. To the extent this determination only involved application of state law, it is not subject to review by this Court. "[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions." Estelle v. McGuire, 502

---

[18]The Court notes that Reaves raised the same ground in his state habeas petition, which was dismissed by the Supreme Court of Virginia in accordance with Slayton, supra.

U.S. 62, 67-68 (1991).[19]

In support of claim (a), Reaves relies on Virginia law, Higginbotham v. Commonwealth, 216 Va. 349 (1979), for the proposition that "to secure a conviction, the Commonwealth's evidence must [sic] been the proof [sic] burden of excluding every reasonable hypothesis consistent with innocence." To that end, Reaves asserts that because a witness at trial testified that he [the witness] placed the gun into Reaves' truck, and that same witness testified that he tried to contact Reaves to let him know the gun was in his truck, this presented a "hypothesis [that] is reasonable and plusible [sic] and consistent with the innocence of petitioner." The Court of Appeals' decision, citing Sandoval v. Commonwealth, 20 Va. App. 133 (1995), directly contradicts this assertion in its finding that "[t]he fact finder [at trial] was not required to accept [the witness'] testimony." Sandoval, 20 Va. App. at 138 ("The credibility of the witnesses and the weight accorded the evidence are matters solely for the fact finder who has the opportunity to see and hear that evidence as it is presented.")

_____

[19]An underlying claim that purports to concern a federal constitutional issue, on the other hand, is not prohibited from federal habeas review of the claim. See Goins v. Angelone, 226 F.3d 312, 320, n.3, cert. denied, 531 U.S. 1046 (2000), abrogated on other grounds by Bell v. Jarvis, 236 F.3d 149 (4th Cir. 2000). In that event, federal habeas review of the claim necessarily involves review of the earlier state court decision that addressed the claim. See generally id. Reaves has raised no such issue in any of his claims (a)-(c).

17

Further, the Court finds that Reaves' reliance on Higginbotham, supra, is misplaced. In that case, the Supreme Court of Virginia stated:

> The burden, of course, is upon the Commonwealth to prove beyond a reasonable doubt that the accused was the perpetrator of the crime. The Commonwealth's evidence, however, need not affirmatively disprove all theories which might negate the conclusion that the defendant killed and robbed the deceased, but the conviction will be sustained if the evidence excludes every reasonable hypothesis of innocence.

216 Va. at 353 (citations omitted). This case does not suggest, as Reaves asserts, that the only way a conviction can be sustained is if every other reasonable hypothesis has been excluded. See also Sutphin v. Commonwealth, 1 Va. App. 241, 244 (1985) ("where the evidence is entirely circumstantial, all necessary circumstances proved must be consistent with guilt and inconsistent with innocence, and must exclude every reasonable hypothesis of innocence") (citations omitted). The evidence in this case is not entirely circumstantial: as the Court of Appeals of Virginia found, Reaves was the sole occupant of the truck and he was arrested with the gun in his truck within arm's reach, and he made statements admitting that he knew the gun was in the truck the prior evening. The state court could have reasonably determined that the evidence established Reaves' guilt beyond a reasonable doubt.

Based on the foregoing, this Court FINDS that Reaves has failed to show either that the state court unreasonably determined

the facts in his case or that the state court unreasonably applied federal law in dismissing claim (a). As such, this Court RECOMMENDS that claim (a) be denied.

## 2. Claim (b)

In claim (b), Reaves asserts that the Commonwealth's evidence failed to establish that he was in possession of the firearm to support his conviction at trial. As discussed for claim (a), supra, because the Supreme Court of Virginia summarily refused Reaves' petition for appeal, this Court must look to the previous decision in the Court of Appeals of Virginia as the last reasoned state judgment on this claim. Ylst, 501 U.S. at 803. To the extent this determination only involved application of state law, it is not subject to review by this Court. Estelle, 502 U.S. at 67-68.

In its decision, the Court of Appeals of Virginia found that the "evidence was sufficient to prove beyond a reasonable doubt that [Reaves] constructively possessed the gun." Record No. 0957-04-2, at 2 (citing Logan v. Commonwealth, 19 Va. App. 437, 444 (1994) (en banc) (recognizing that constructive possession of contraband may be established by "evidence, acts, statements, or conduct of the accused . . . which tend to show [he] was aware of both the presence and the character of the [contraband] and that it was subject to his dominion and control") (citations omitted); and Burchette v. Commonwealth, 15 Va. App. 432, 435 (1992) (recognizing

19

that "[o]wnership or occupancy of a vehicle . . . is a circumstance that may be considered . . . in order to prove that the owner or occupant constructively possessed the contraband") (citations omitted)).  In so doing, the court found that the Commonwealth's evidence had established "that [Reaves] owned and was the sole occupant of the truck, that the gun was uncovered and [was] within arm's reach, and that [Reaves] knew the gun was in the truck the prior evening."  Id.  The court also recognized the conflicting testimony of Reaves' witness, William Thompson, supra, but concluded that the fact finder at trial was in the best position to weight the credibility of the witnesses and to render its decision accordingly.  Id. (citing Sandoval, 20 Va. App. at 133).

In support of claim (b), Reaves asserts that to sustain a conviction for knowingly and intentionally possessing a firearm after having been convicted of a felony, under Va. Code Ann. § 18.2-308.2, requires proof of actual or constructive possession of the firearm.  This is consistent with the Court of Appeal's finding that constructive possession had been established at the trial.  Relying primarily on Virginia law,[20] Reaves further asserts that the

_____

[20]Those cases cited by Reaves do not support the propositions he asserts in the instant petition.  These include: Blake v. Commonwealth, 15 Va. App. 706 (1993) (constructive possession requires a showing that the defendant exercised dominion and control over contraband, but possession need not always be exclusive and may be shared); Branch v. Commonwealth, 2002 WL 31688803, at *1-2 (affirming trial court's finding that defendant constructively possessed the firearm over defendant's contention that "he did not know the gun was in the car and . . . that it

court erred in finding constructive possession in his case because "there must be some <u>action, some word, or some conduct</u> that links the [defendant] to the contraband and indicates that he had some stake in it, some power over it." (Emphasis added). Reaves further asserts that the Commonwealth "must prove a defendant's actual knowledges [sic] of the firearm." Even taking these assertions as true, neither proposition is undercut by the Court of Appeals' finding that Reaves was the only occupant of the truck and that he had knowledge the gun was in his truck the night before he was arrested. In any event, these are matters of state law squarely addressed by the Court of Appeals' decision, and are not subject to review by this Court. <u>Estelle</u>, 502 U.S. at 67-68.

Based on the foregoing, this Court FINDS that Reaves has failed to show either that the state court unreasonably determined

--------

would have been impossible for him to drive [the car] with the gun in the location where [the arresting officer] found it"); <u>Jones v. Commonwealth</u>, 17 Va. App. 572, 574 (1994) (finder of fact cannot draw "impermissible inference" of knowledge of contraband from defendant's mere proximity in a case where evidence did not establish defendant's knowledge of contraband's presence and where defendant was not the sole occupant of the vehicle); <u>Clodfelter v. Commonwealth</u>, 218 Va. 619 (1977) (mere fact that defendant rented a hotel room where contraband was located, and that he had deposited some of his personal effects in the room, without more evidence to show he knowingly or intentionally possessed the contraband and was aware of its character, created a "strong suspicion of guilt," but was insufficient to establish constructive possession of contraband).

Reaves also cited a number of federal court cases, necessarily applying state law, for the same proposition that constructive possession requires more than the defendant's mere proximity to the firearm. Those cases are equally unavailing in this instance.

the facts in his case or that the state court unreasonably applied federal law in dismissing claim (b).   As such, this Court RECOMMENDS that claim (b) be denied.

### 3.   Claim (c)

In claim (c), Reaves asserts that the Commonwealth's evidence failed to establish his guilt beyond a reasonable doubt considering that he was acquitted of being in possession of a firearm while in possession of cocaine and considering that he did not dispute he was in possession of cocaine.   Because the Supreme Court of Virginia summarily refused Reaves' petition for appeal, supra, this Court looks to the previous decision in the Court of Appeals of Virginia as the last reasoned state judgment on this claim.   Ylst, 501 U.S. at 803.   Also, to the extent this determination only involved application of state law, supra, it is not subject to review by this Court.   Estelle, 502 U.S. at 67-68.   The Court of Appeals found that Reaves' "acquittal on the charge of possessing a firearm while in possession of cocaine [was] not relevant to [its] analysis" of the issue raised by Reaves, namely "whether the evidence was sufficient to support [his] conviction of possessing a firearm after having been convicted of a felony."   Record No. 0957-04-2, at 2.   Reaves cites no relevant Virginia law in support of his claim to the contrary.

Based on the foregoing, this Court FINDS that Reaves has failed to show either that the state court unreasonably determined

the facts in his case or that the state court unreasonably applied federal law in dismissing claim (c).   As such, this Court RECOMMENDS that claim (c) be denied.

## IV.  RECOMMENDATION

For the foregoing reasons, the Court, having denied Reaves' request for an evidentiary hearing, recommends that Reaves' petition for a writ of habeas corpus be DENIED, that Respondent's motion to dismiss be GRANTED, and that all of Reaves' claims be DISMISSED WITH PREJUDICE.

Reaves has failed to demonstrate "a substantial showing of the denial of a constitutional right."  Therefore, it is recommended that the Court decline to issue any certificate of appealability pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure. See Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003).

## V.  REVIEW PROCEDURE

By copy of this Report and Recommendation, the parties are notified that:

1.  Any party may serve upon the other party and file with the Clerk specific written objections to the foregoing findings and recommendations within ten (10) days from the date of mailing of this report to the objecting party, see 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), computed pursuant to Rule 6(a) of the Federal Rules of Civil Procedure, plus three (3) days permitted by Rule 6(e) of said rules.  A party may respond to another party's

23

specific objections within ten (10) days after being served with a copy thereof.  <u>See</u> Fed. R. Civ. P. 72(b).

2.  A district judge shall make a <u>de novo</u> determination of those portions of this report or specified findings or recommendations to which objection is made.

The parties are further notified that failure to file timely objections to the findings and recommendations set forth above will result in a waiver of the right to appeal from a judgment of this Court based on such findings and recommendations.  <u>Thomas v. Arn</u>, 474 U.S. 140 (1985); <u>Carr v. Hutto</u>, 737 F.2d 433 (4th Cir. 1984); <u>United States v. Schronce</u>, 727 F.2d 91 (4th Cir. 1984).


                                    _____/s/_____
_____   F. Bradford Stillman
                                    United States Magistrate Judge

Norfolk, Virginia

July 11, 2006

<u>Clerk's Mailing Certificate</u>

A copy of the foregoing Report and Recommendation was mailed this date to the following:

Frank Reaves, 186234
Carolina Correctional Unit
31285 Camp Road
Hanover, Virginia 23069

Josephine F. Whalen, Esquire
Assistant Attorney General
Office of the Attorney General
900 E. Main Street
Richmond, Virginia 23219


                              Fernando Galindo,
                              Acting Clerk of Clerk


             By: _____
                              Deputy Clerk
                              July    , 2006

25