```
                UNITED STATES DISTRICT COURT
             FOR THE EASTERN DISTRICT OF VIRGINIA
                        Norfolk Division
```

FRANK REAVES, #186234,

      Petitioner,

v.                                                  ACTION NO. 2:05cv602

GENE M. JOHNSON, Director of the
Virginia Department of Corrections,

      Respondent.

<u>FINAL ORDER</u>

This matter was initiated by petition for a writ of habeas corpus under 28 U.S.C. § 2254. The petition alleges violation of federal rights pertaining to Petitioner's conviction on April 8, 2004, in the Circuit Court for Henrico County, Virginia, for possession of a firearm by a convicted felon, as a result of which he was sentenced to serve five (5) years in prison.

The matter was referred to a United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and (C), Rule 72(b) of the Federal Rules of Civil Procedure and Rule 72 of the Rules of the United States District Court for the Eastern District of Virginia for report and recommendation. The report of the magistrate judge was filed on July 11, 2006, denying Petitioner's motion for an evidentiary hearing and motion for a stay recommending dismissal of the petition. By copy of the report, each party was advised of his right to file written objections to

the findings and recommendations made by the magistrate judge. On July 20, 2006, the Court received Petitioner's Objection to the Magistrate Judges [sic] Recommendation. The Court received no response from Respondent.

The Court, having reviewed the record and examined the objections filed by Petitioner to the Magistrate Judge's report,[1]

---

[1] The Court notes that Petitioner's objections largely restate the issues raised in the instant federal habeas petition. Petitioner also cites United States v. Riggs, 287 F.3d 221, 224 (1st Cir. 2002), to argue that claim (d) of his petition should survive under the so-called "plain error" doctrine. To this end, Petitioner appears to assert that his counsel's failure to object to the arresting officer's allegedly "conflicting testimony" regarding the circumstances surrounding Petitioner's receipt of his Miranda warnings, was "plain error" that resulted in "prejudice" to Petitioner. Petitioner's Objection to the Magistrate Judges [sic] Recomendation [sic] ("Petitioner's Objections"), at 3. Petitioner does concede, however, that this claim was procedurally defaulted. Id. As the Magistrate Judge correctly found, Petitioner cannot raise an ineffective assistance of counsel claim for the first time in a federal habeas petition to establish cause to excuse such a procedural default. Magistrate Judge's Report and Recommendation ("Magistrate Judge's Report"), at 12.

Also, Riggs, supra, does not support Petitioner's argument of prejudice (to excuse the procedural default) because the issue in that case was the government's alleged breach of a plea agreement in which a misstatement of the amount of drugs possessed by the defendant in a pre-sentence report resulted in a higher sentencing recommendation, when the government failed to recognize and correct the misstatement. 287 F.3d at 224-25, n.6. The court noted that "plain error review usually applies to errors committed by the court," 287 F.3d at 225, and that "to establish plain error [in the context of an alleged breach of a plea agreement], a defendant must demonstrate that: (1) there was error; (2) the error was plain; (3) the error affected the defendant's substantial rights; and (4) the error adversely impacted the fairness, integrity, or public reputation of judicial proceedings," 287 F.3d at 224 (citing United States v, Olano, 507 U.S. 724, 732-36 (1993) (presence of alternate jurors in the jury room during deliberations, in violation of Fed. R. Crim. P. 24(c), constituted "error" that was "plain," but did not upset the defendant's conviction since it "did not affect [his]

and having made de novo findings with respect to the portions objected to, does hereby ADOPT AND APPROVE the findings and recommendations set forth in the report of the United States Magistrate Judge filed on July 11, 2006, and it is, therefore,

---

substantial rights," and thus was not deemed "prejudicial")). In the instant case, Petitioner has failed to establish any "error" existed in the first instance. The Magistrate Judge found that Petitioner mischaracterized the alleged "conflicting testimony" by the arresting officer, Magistrate Judge's Report, at 13, n.17, and there has been no showing that the admission of such testimony "affected the defendant's substantial rights[, and] adversely impacted the fairness, integrity, or public reputation of judicial proceedings." 287 F.3d at 224 (citations omitted).

Petitioner's remaining claims (a), (b) and (c) were dismissed on the merits in the Magistrate Judge's Report, with the requisite deference to the state-court's judgment. Petitioner's attempt to rely on the "plain error rule" regarding these claims is equally unavailing. The Court of Appeals of Virginia articulated specific findings regarding the evidence adduced at trial, particularly respecting the constructive possession of a firearm, and Petitioner has failed to establish that the state court unreasonably determined the facts in his case or unreasonably applied federal law. 28 U.S.C. § 2254(d). The Court also notes that Petitioner's claims of actual innocence are conclusory.

Also, Petitioner's attempt to assert for the first time that counsel was ineffective for failure to object to the prosecutor's closing remarks respecting constructive possession must fail. Because Petitioner's ineffective assistance of counsel claim could have been presented in a state habeas petition, but was not, this claim was not properly exhausted. Any such claim is procedurally barred from this Court's review because Petitioner failed to properly present it to the Supreme Court of Virginia through the state habeas process. Were he now to raise such a claim in the Supreme Court of Virginia, the claim would be procedurally defaulted under Virginia law. See Clagett v. Angelone, 209 F.3d 370, 378-79 (4th Cir. 2000). Accordingly, any such claim in the instant petition is barred from this Court's review. See Matthews v. Evatt, 105 F.3d 907, 910-11 (4th Cir. 1997).

ORDERED that the petition be DENIED AND DISMISSED WITH PREJUDICE and that judgment be entered in favor of Respondent.

Accordingly, the Court FINDS that the claims set forth in Grounds (a), (b) and (c) of the petition are DENIED as petitioner has failed to show either that the state court unreasonably determined the facts in his case or that the state court unreasonably applied federal law in dismissing this claim; and that the claim set forth in Ground (d) of the petition is DENIED as this claim is procedurally barred before this Court.

Petitioner may appeal from the judgment entered pursuant to this _final_ _order_ by filing a _written_ notice of appeal with the Clerk of this Court, United States Courthouse, 600 Granby Street, Norfolk, Virginia 23510, within thirty (30) days from the date of entry of such judgment. Petitioner has failed to demonstrate "a substantial showing of the denial of a constitutional right." Therefore, the Court, pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure, declines to issue a certificate of appealability. See Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003).

The Clerk shall mail a copy of this Final Order to Petitioner and to counsel of record for Respondent.

>                    /s/
>          HENRY COKE MORGAN, JR.
>       UNITED STATES SENIOR DISTRICT JUDGE

Norfolk, Virginia
August 14, 2006